UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLORIDA,

       Petitioner,

v.                               CASE NO. 05-CV-71724-DT
                                HONORABLE PATRICK J. DUGGAN

BLAINE LAFLER,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on JUNE 6, 2005.

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Michael Florida ("Petitioner"), a state prisoner currently confined at the Pine River Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his guilty plea convictions for attempted first-degree home invasion, third-degree fleeing a police officer, larceny of a firearm, and possession of a firearm during the commission of a felony which were imposed by the Genesee County Circuit Court in 2003.  Petitioner was sentenced to three concurrent terms of 23 to 60 months imprisonment and a consecutive term of two years

imprisonment on those convictions.  Petitioner did not pursue a direct appeal of his convictions in the state courts, nor has he sought state post-conviction collateral relief.

In his pleadings, Petitioner presents claims challenging the validity of the charges against him, the sufficiency of the evidence, and the effectiveness of defense counsel.  For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.  *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732.  This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas corpus petition.  *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner has not met of his burden of demonstrating that he has exhausted his state court remedies.  He admits that he did not pursue a direct appeal of his convictions,

claiming that he did not know that he could appeal and that he did not realize that he had grounds for appeal. Although Petitioner may now be precluded from pursuing a timely direct appeal of his convictions, he has other available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising his habeas claims and then pursue those claims in the Michigan appellate courts. While Petitioner's challenges to his guilty plea arguably concern matters of federal constitutional law,[1] his unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Based upon the foregoing, this Court concludes that Petitioner has failed to exhaust his state court remedies as to the claims contained in his habeas petition. The Court further concludes that requiring Petitioner to exhaust those remedies is appropriate under the circumstances. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copy:
Michael Florida, #374291

---

[1] This Court does not express any opinion regarding the merits of Petitioner's unexhausted claims.

320 N. Hubbard
St. Louis, MI 48880